UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

**Keith B. Barrett**

          **Plaintiff,**

v.                 Civil Action: 2008-1752-DKC

**Chase Home Finance, LLC.**

          **Defendant.**

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Keith B. Barrett, by and through undersigned counsel, files this response to Defendant Chase Home Finance, LLC's Motion to Dismiss. Defendant fails to provide the basis for this court to believe beyond doubt that no set of facts would support Plaintiff's claim, and as such, this Honorable Court should deny Defendant's motion.

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12 (b) (6) on August 21, 2008. This Honorable Court should not grant such a motion "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957) In an analysis of those facts, the court must construe them in the light most favorable to the non-moving party. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Given this analytical framework, Defendant fails the test and this court should not grant dismissal.

Defendant characterizes Plaintiff's claims as "creative", "frivolous" and "wholly without merit."

Defendant then goes on to include exhibits that include an unsigned document. The signature line is present with a typed name, but no actual signature of Plaintiff is present, specifically Exhibit B, Good Faith Estimate. Given Defendant's incorporation of exhibits that defy his claims that disclosures were acknowledged by signature, this Court cannot dismiss Plaintiff's claims. Furthermore, making the argument that disclosure at loan closing is sufficient, Defendant fails to recognize the disclosure requirements of principal dwelling and variable-rate residential mortgages set out by 12 CFR 226.19 (Reg Z), to be given within three (3) days of application or three days before consummation, whichever is earlier. Unsigned documents, produced at this late date, do not constitute disclosure.

Without filing an answer to Plaintiff's complaint and requesting an extension of time to reply, Defendant wants to move this court to Dismiss Plaintiff's claims by submitting exhibits that include unsigned disclosures. Thus, Defendant's Motion to Dismiss fails to raise doubt that Plaintiff can prove no set of facts in his claims, especially when viewed in the light most favorable to Plaintiff. Thus, a denial of Defendant's Motion to Dismiss is warranted.

Dated: September 25, 2008

Respectfully submitted,

  /s/ W. Scott Hannon  
W. Scott Hannon, Esq.
Attorney at Law
Attorney for Plaintiff
MD Federal Bar #28564
Hannon & Associates, LLC
1612 McGuckian St., Ste. 200
Annapolis, MD  21401
Phone (410) 280-3360
Fax: (443) 926-0130

**Certificate of Service**

  I hereby certify that, on this 25th day of September, 2008, a true and correct copy of the foregoing was served upon the defendant via the US District Court of Maryland's Electronic Case Filing (ECF) system.


Matthew P. Previn, Esq.
Kirk D. Jensen, Esq.
Buckley Kolar LLP
1250 24th St., NW, Ste. 700
Washington, DC  20037

                 /s/ W. Scott Hannon_____
                 W. Scott Hannon, Esq.