**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| KEITH B. BARRETT, | |
| Plaintiff, | Civil Action No. 8:08-cv-01751-DKC |
| v. | |
| CHASE HOME FINANCE, LLC, | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

**DEFENDANT'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

On September 17, 2008—because Plaintiff had not filed a response to Defendant Chase Home Finance LLC's ("Chase") motion to dismiss—the Court issued an Order requiring Plaintiff to "show good cause" why his Complaint should not be dismissed. (Doc. 8, at 1.) Plaintiff's four-paragraph opposition brief falls far short of complying with the Court's Order. Plaintiff has failed even to respond to the vast majority of Chase's arguments. And, in the few cases where Plaintiff does respond, his responses are utterly without merit.

The pleadings show that Plaintiff's claims for damages and costs under the federal Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") are time-barred by each statute's one-year statute of limitations. The pleadings also show that Plaintiff received two copies of the Notice of Right to Cancel and the "material disclosures" for each loan. As a result, the period during which Plaintiff could have rescinded his loan expired three days after his loan closed on August 31, 2006. Plaintiff has therefore failed to rebut Chase's showing that Plaintiff has failed to state a claim

upon which relief may be granted. For the reasons discussed below and in Chase's principal motion, Chase requests that Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

**I.  PLAINTIFF MISSTATES THE STANDARD APPLICABLE TO PLEADINGS.**

Presumably because Plaintiff cannot satisfy the current pleading requirements of Rule 8, Plaintiff seeks to have this Court apply a standard the Supreme Court has expressly abrogated. (Doc. 9, at 1.) Contrary to Plaintiff's assertion, the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is no longer the standard. As Chase discusses in its motion to dismiss, in *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1974 (2007), the Supreme Court expressly abrogated *Conley* and its "no set of facts" standard. *See id.* at 1969 ("*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten . . . ."). The Court clarified that, for a complaint to withstand a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face." *Id.* 1974 (emphasis added). As Chase shows in its principal motion, Plaintiff's Complaint falls far short of satisfying this standard.

**II.  COUNTS I-IV AND VI-VIII ARE TIME-BARRED.**

Perhaps recognizing he has no defense to Chase's arguments that his claims are time-barred, Plaintiff omits entirely from his opposition brief any mention of the one-year limitations periods in both TILA and RESPA. As Chase discusses in its principal motion, TILA provides that private actions for damages and costs must be brought "within one

year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  Similarly, RESPA provides that private actions for violations of Section 2607 must be brought within one year "from the date of the occurrence of the violation." 12 U.S.C. § 2614.  As Chase shows in its motion to dismiss, Plaintiff filed his Complaint more than one year and ten months after the limitations period expired.  (Doc. 7, at 4-5.)  Thus, Plaintiff's claims for damages and costs under TILA and RESPA are time-barred.[1]

### III.   PLAINTIFF'S CLAIM FOR RESCISSION FAILS AS A MATTER OF LAW.

In its principal motion, Chase shows that Plaintiff's rescission claim fails as a matter of law.  (*See* Doc. 7, at 12-14.)  Plaintiff's opposition brief fails to rebut any of Chase's arguments.  Because the pleadings show that Plaintiff received two copies of a proper Notice of Right to Cancel and all "material disclosures" required by TILA, his rescission period expired three business days after his loan closed on August 31, 2006.  *See* 15 U.S.C. § 135(a); 12 C.F.R. § 226.23(a).  Plaintiff's claim for rescission therefore fails as a matter of law.

#### A.   The Pleadings Show That Plaintiff Received All "Material Disclosures."

In his opposition brief, Plaintiff appears to confuse preliminary disclosures with the "material disclosures" required by TILA's rescission provision.  Although unclear, Plaintiff appears to argue (wrongly) that the rescission period is extended from three days

---

[1]   Plaintiff's reference to an unsigned Good Faith Estimate is entirely irrelevant to the statute of limitations.  (*See* Doc. 9, at 2.)  Any violation of TILA or RESPA giving rise to damages and costs occurred and was completed by the closing of Plaintiff's loan, if not before—whether or not Plaintiff signed the documents and even if Plaintiff alleges that he did not receive the disclosures.  As Chase clearly notes in its motion to dismiss, it merely attached the exhibit of which Plaintiff complains to show that Plaintiff's claims would fail as a matter of law even if they were not time-barred.  (Doc. 7, at 5-12.)

3

to three years if the preliminary TILA disclosures—as opposed to the material disclosures in the final TILA disclosures—are provided late. (Doc. 8, at 2.) However, the statute and its implementing regulation are clear that the rescission period is extended only if the Notice of Right to Cancel or the "material disclosures" are not provided. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). The "material disclosures" are the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the existence of a variable rate feature (if the loan has a variable rate feature). 12 C.F.R. § 226.23(a)(3) n. 48; *see also* Doc. 7, at 12-13.

Plaintiff does not allege that he did not receive the "material disclosures." To the contrary, he alleges that he received them at closing. (Compl. ¶ 25.) Additionally, a copy of the TILA disclosures Plaintiff received at closing—which Plaintiff signed and which provide all of the "material disclosures"—is attached to Chase's principal motion. (*See* Doc. 7, Ex. E.)[2] Because Plaintiff received all "material disclosures," and because the preliminary disclosures Plaintiff references are not "material disclosures," the rescission period expired three days after closing. *See* 12 C.F.R. Pt. 226, Supp. I, Comment 226.23(a)(3)-2 ("Failure to give the other required disclosures does not prevent the running of the rescission period . . . .").[3]

---

[2]  To the extent Plaintiff argues that the Good Faith Estimate is a "material disclosure" for purposes of TILA, this argument is without merit. Regulation Z (which implements TILA) is quite clear that the Good Faith Estimate is *not* one of the "material disclosures." *See* 12 C.F.R. § 226.23(a)(3) n.48. The Good Faith Estimate is a disclosure required by RESPA, not TILA. *See* 12 U.S.C. § 2607(c); *see also* Compl. ¶ 20.

[3]  The Federal Reserve Board's interpretation of Regulation Z is "dispositive" unless "demonstrably irrational." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980); *Cades v. H&R Block, Inc.*, 43 F.3d 869, 875 (4th Cir. 1994).

### B. The Pleadings Show That Plaintiff Received Two Copies of the Notice of Right to Cancel.

Plaintiff appears to have abandoned his claim that he did not receive two copies of the Notice of Right to Cancel. Plaintiff's abandonment of this claim is understandable, given that the pleadings show that Plaintiff signed the Notice of Right to Cancel less than one inch below the following acknowledgement: "I ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE OF RIGHT TO CANCEL." (Doc. 7, Ex. D.) Thus, Plaintiff's claim falls far short of the pleading requirement that he allege "enough facts to state a claim to relief that is *plausible* on its face." *Twombly*, 127 S. Ct. at 1974 (emphasis added); *see also Peterson v. Argent Mortg. Co.*, No. 06-3796, 2007 WL 1725355, at *2 (D. Minn. June 14, 2007) (granting defendant's motion to dismiss where plaintiff signed acknowledgement that he had received two copies of the notice of right to cancel and where plaintiff's claim was supported only by a conclusory assertion that he did not receive the copies).

### C. Plaintiff Does Not Attempt to Respond to the Other Reason Why Plaintiff's Rescission Claim Fails as a Matter of Law.

Plaintiff also appears to have abandoned his argument regarding the yield spread premium. As Chase shows in its principal motion, TILA and Regulation Z do not require that lenders include the yield spread premium in the finance charge. (Doc. 7, at 8-9.) Plaintiff's silence as to this argument is additional confirmation that his claim for rescission is frivolous.

### IV. PLAINTIFF DOES NOT EVEN ATTEMPT TO RESPOND TO MANY OF THE ARGUMENTS IN CHASE'S MOTION TO DISMISS.

Plaintiff's four-paragraph opposition to Chase's twenty two-page memorandum in support of its motion to dismiss further underscores the utter lack of merit in Plaintiff's

claims. Perhaps recognizing that his claims are indefensible, Plaintiff does not even attempt to respond to the following arguments Chase makes in its motion to dismiss papers:

- TILA permits lenders to provide final TILA disclosure statements at closing (Doc. 7, at 6-7);

- TILA does not require that the yield spread premium be included in the finance charge (*id.* at 8-9);

- Plaintiff fails to state a cognizable claim regarding the Amount Financed and, even if he had stated a cognizable claim, the disclosure of the Amount Financed is within TILA's tolerance for accuracy and is, therefore, accurate as a matter of law (*id.* at 9-11);

- The yield spread premium was disclosed to Plaintiff (*id.* at 11-12);

- Plaintiff has not adequately alleged that his mortgage broker was Chase's agent (*id.* at 15-16);

- Plaintiff's broker contract claim must be brought against Plaintiff's mortgage broker, not Chase (*id.* at 16-17);

- Plaintiff's fraud claim must be brought against Plaintiff's mortgage broker, not Chase (*id.* at 17-19); and

- Plaintiff's unjust enrichment claim must be brought against Plaintiff's mortgage broker, not Chase (*id.* at 19-22).

Presumably, if Plaintiff had any non-frivolous responses to Chase's arguments, he would have made them in his opposition brief. Plaintiff's silence regarding these arguments further establishes that his claims fail as a matter of law.

## CONCLUSION

For the reasons discussed above and in Chase's principal motion, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Each of Plaintiff's claims fails as a matter of law. Accordingly, Chase respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

                                                  Respectfully submitted,

Date:  October 9, 2008                     /s/

                                      Matthew P. Previn, Esq. (Bar No. 16786)
                                      Kirk D. Jensen, Esq. (Bar No. 16763)
                                      BUCKLEY KOLAR LLP
                                      1250 24th Street, NW, Suite 700
                                      Washington, DC  20037
                                      Tel:    (202) 349-8000
                                      Fax:   (202) 349-8080
                                      mprevin@buckleykolar.com
                                      kjensen@buckleykolar.com

                                      *Attorneys for Defendant Chase Home Finance LLC*

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that on October 9, 2008, a copy of the above and foregoing was electronically filed in this case and was duly served upon counsel of record by operation of the Court's ECF system to the following:

W. Scott Hannon, Esq.
Attorney at Law
Hannon & Associates, LLC
1612 McGuckian St., Ste. 200
Annapolis, MD 21401

*Attorney for Plaintiff*

                                                              /s/
                                              Matthew P. Previn